1  Abraham Mathew (SBN 181110)
2  abraham@mathewandgeorge.com
   Jacob George (SBN 213612)
3  jacob@mathewandgeorge.com
4  Sang J. Park (SBN 232956)
   sang@mathewandgeorge.com
5  MATHEW & GEORGE
6  500 S. Grand Avenue, Suite 1490
   Los Angeles, California 90071
7  Telephone:  (310) 478-4349
8  Facsimile:   (310) 478-9580
   *Attorneys for Plaintiff Ralph Villalobos*
9
10 Jeffrey N. Williams (SBN 274008)
   jwilliams@wargofrench.com
11 Amy E. Beverlin (SBN 284745)
12 abeverlin@wargofrench.com
   WARGO & FRENCH LLP
13 1888 Century Park East, Suite 1520
14 Los Angeles, California 90067
   Telephone:  (310) 853-6300
15 Facsimile:   (310) 853-6333
16 *Attorneys for Defendant TWC Administration LLC*
17 (caption continued on next page)
18
19
           **UNITED STATES DISTRICT COURT**
           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
20
21 RALPH VILLALOBOS, an individual,      Case No. 2:15-cv-02808-R-PLAx

                Plaintiff,               Hon. Manuel L. Real
22
            v.                           **STIPULATED PROTECTIVE**
23                                       **ORDER REGARDING**
   TWC ADMINISTRATION LLC, et al.,       **CONFIDENTIAL DISCOVERY**
24                                       **MATERIAL**
                Defendants.
25
26
27
28

1  J. Scott Carr (SBN 136706)
2  scarr@wargofrench.com
   WARGO & FRENCH LLP
3  999 Peachtree Street, NE, 26th Floor
   Atlanta, Georgia 30309
4  Telephone:  (404) 853-1500
5  Facsimile:  (404) 853-1501
   *Attorneys for Defendant TWC Administration LLC*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    This matter came before the Court upon the parties' Stipulation Regarding

2  Confidential Discovery Material (the "Stipulation"), governing the production and

3  use of confidential information produced by any party to any other party during

4  the course of this litigation, including any appeal of this action and any arbitration

5  of the claims presented in this action.  Having reviewed the Stipulation, and in

6  accordance therewith, it is hereby **ORDERED AND ADJUDGED** as follows:

7  **I.    DESIGNATION AND USE OF CONFIDENTIAL MATERIAL**

8    A.    During the course of litigation, either party may seek to have

9  Discovery Material classified as "confidential."  Any party (the "designating

10  party") may designate as confidential any Discovery Material if the party in good

11  faith believes that it contains confidential personal or commercial information,

12  specifically including, but not limited to, any non-public employee payroll data,

13  commission plans, Plaintiff's health information, and/or Defendant's internal

14  documents regarding its policies, procedures, practices, or strategies.  Discovery

15  Material that is so designated is referred to herein as "Confidential Material."

16    The designating party will mark each page of any document designated

17  "Confidential" as such.  The designation will be made to avoid obscuring or

18  defacing any portion of the Discovery Material.  Should any party, counsel for any

19  party, or any person not a party to this action, who obtains access to any

20  Confidential Material make copies of or from such material, the material will also

21  be designated Confidential and all references in this Stipulated Protective Order

22  will be deemed to apply to such copies.  Deposition testimony based on designated

23  Confidential Material will be identified as such either by a statement on the record

24  at the deposition or by marking as "Confidential" documents or selected pages of

25  documents containing such testimony.

26    If either party, through inadvertence, fails to designate Discovery Material

27  as Confidential, but thereafter determines that such Discovery Material should

28

1

have been so designated, it will promptly provide written notice of the Confidential designation, and to the extent practicable, the Discovery Material will be treated as Confidential Material from the date of receipt of such notice. Likewise, if a party designates Discovery Material as Confidential and later determines that such Discovery Material should not have been so designated, it will promptly provide written notice of the removal of the designation along with a duplicate copy of the Discovery Material without the Confidential marking.

      B.    All Confidential Material and any portion thereof, including copies thereof, will be deemed confidential and will be for use in these proceedings only, including purposes related to the resolution of the claims asserted in the action, such as the mediation, negotiation, and/or voluntary arbitration of one or more of the asserted claims.  Such Confidential Material shall not be used for any other purpose, including, without limitation, other commercial or business use or use in other litigation.

      C.    All Confidential Material and any portion thereof, including copies thereof, and any information derived therefrom will not be disclosed in any way to anyone other than:  (a) the Court and Court personnel; (b) the Parties' counsel and their staff; (c) stenographic reporters; (d) the named parties; and the following, provided that they expressly agree to be bound by the terms of this Stipulated Protective Order by executing the form attached as Exhibit A (discussed below in Section II.): (1) any expert or consultant retained in connection with this action; (2) witnesses at, and in preparation for, depositions, trial, or hearings in this action, and (3) outside vendors who perform data entry or similar clerical functions. Confidential Material may not be disclosed to any other person or entity without the prior written consent of the designating party or order of the Court.  Any disclosure should be only to the extent reasonably necessary for the effective prosecution and defense of the claims in this action and for no other purpose.

2

---

STIPULATED PROTECTIVE ORDER

## II.     CONDITIONS OF DISCLOSURE

A.     As set forth in Section I.C. above, prior to the disclosure of Confidential Material or any information contained therein to the persons qualified to receive it but required to execute Exhibit A, counsel for the requesting party will secure and retain for the period described in Section VIII. of this Stipulated Protective Order, from each such person a signed copy of Exhibit A, which provides that he or she has read this Stipulated Protective Order, that he or she will not divulge any Confidential Material or any information contained therein except in the preparation, trial, or appeal of this action and in accordance with the terms and conditions of the Stipulated Protective Order, and that he or she will not use the material for any other purpose.

B.     Confidential Material will be copied by only the Parties' counsel in this action or by personnel or outside vendors assisting such counsel and for only purposes permitted by this Stipulated Protective Order, and control and distribution of Confidential Material and copies thereof will be the responsibility of such counsel, who will maintain all written assurances executed by such persons as provided in Sections I.C. and II.A. for the period described in Section VIII. of this Stipulated Protective Order.

C.     The restrictions set forth in this Stipulated Protective Order will not apply to:  (a) information that was, is, or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Stipulated Protective Order; or (b) Defendant (or its affiliates), with respect to its own information or information received or created during the normal course of their own business.  Whether information that becomes a matter of public record in any other manner may still be subject to protection as Confidential Material will be determined according to the standards and procedures set forth herein.  The

3

owner of Confidential Material will be able to seek protection of that information in accordance with the provisions of this Stipulated Protective Order.

III.   **PROTECTING CONFIDENTIAL INFORMATION AT DEPOSITIONS**

A.      During a deposition, either Party may request that any person present at the deposition sign the attached Exhibit A with the exception of any deposition reporters, videographers, and any individuals listed in Sections I.C. (a)–(d).

B.      To designate Confidential Material in testimony, the designating party will (a) make an oral statement to that effect on the record, or (b) notify the recipient in writing at any time up to thirty (30) days after receipt of the transcript.

C.      If any Confidential Material is marked as an exhibit in a deposition, or its contents are disclosed, wholly or partially, in the course of the testimony at such deposition, counsel for the Parties will (a) advise the reporter that the exhibit(s) refer to Confidential Material or (b) notify the recipient in writing at any time up to thirty (30) days after receipt of the transcript.  In either case, the exhibit itself, as well as the portions of the transcript containing such disclosure, will be marked Confidential and will be deemed Confidential Material.  To this end, the reporter will not furnish copies thereof to anyone other than counsel of record for the Parties herein, and, if so requested by such counsel, the witness and the witness' counsel.

IV.   **USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS**

In accordance with Central District of California Civil Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential Material," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal, and if appropriate, the application itself under seal; and the application shall be

4

1    directed to the judge to whom the papers are directed.  For motions, the Parties

2    shall publicly file a redacted version of the motion and supporting papers setting

3    forth the basis under applicable law for sealing of the documents.

4    **V.      CHALLENGING A CONFIDENTIAL DESIGNATION**

5            If at any time during this litigation a party disputes the designation of

6    Discovery Material as Confidential, the objecting party will notify the designating

7    party in writing of such dispute and request a conference for the parties to confer

8    in a good faith effort to resolve the dispute.  It shall be the responsibility of

9    counsel for the objecting party to arrange for this conference.  The objecting

10   party's notice will identify the material in dispute and explain the basis for the

11   objection.  Counsel for the designating party shall confer with counsel for the

12   objecting party within ten (10) calendar days after the objecting party serves a

13   letter requesting such conference.  If counsel are unable to settle their differences,

14   they shall formulate a written stipulation ("Joint Stipulation") setting forth their

15   respective positions on the confidentiality of the information at issue.  The Joint

16   Stipulation shall be filed and served with the notice of motion.  The preparation of

17   any joint stipulation shall be in accordance with Central District of California Civil

18   Local Rule 37-2.2.  Any hearings related to the dispute shall be set in accordance

19   with Central District of California Civil Local Rule 37-3.  After the Joint

20   Stipulation is filed, each party may file a supplemental memorandum of law not

21   later than fourteen (14) days prior to the hearing date.  Unless otherwise ordered

22   by the Court, a supplemental memorandum shall not exceed five (5) pages in

23   length.  No other separate memorandum of points and authorities shall be filed by

24   either party in connection with the motion.  Throughout the dispute resolution

25   procedure in this paragraph, the designating party will have the burden of

26   demonstrating that the material at issue is properly designated as Confidential

27   Material under the terms of this Stipulated Protective Order.  In the event of a

28                                            5

dispute over the confidentiality of particular material, the Parties will continue to treat the disputed Discovery Material as Confidential until the dispute is resolved.

## VI.   NON-PARTY SUBPOENAS

If any party receives a subpoena from any non-party to this Stipulated Protective Order seeking production or disclosure of Confidential Material, that party (the "subpoenaed party") will give notice, as soon as practicable and in no event more than three (3) business days after receiving the subpoena and at least five (5) business days before providing materials responsive to the subpoena, to counsel for the designating party, which notice will enclose a copy of the subpoena, such that the designating party may assert its rights, if any, to non-disclosure.  Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## VII.   NO RESTRICTIONS

Nothing in this Stipulated Protective Order will:  (a) restrict any party with respect to its own documents or information; (b) restrict any party's rights with regard to discovery material that has not been designated as Confidential; (c) prejudice any party's right to object to the production or disclosure of documents or other information that it considers not subject to discovery; (d) restrict the scope of discovery that can be sought by any party or deemed permissible by the Court; or (e) prejudice any party's right to seek, either by agreement or by application to the Court, greater or lesser protection than that provided herein, or modification of the terms of this Stipulated Protective Order.  Nothing in this Stipulated Protective Order will be deemed to be a limit on or waiver of the attorney-client privilege, work product doctrine, or any other relevant privilege.  Nothing in this Stipulated Protective Order will be deemed an agreement by either party to produce certain types of documents and/or information.

///

6

## VIII.  RETURN OF CONFIDENTIAL MATERIALS

Within sixty (60) calendar days after the conclusion of this action, including any appeals, any party may request the return or destruction of all materials designated as Confidential Material and the responding party shall have thirty (30) calendar days thereafter to comply with such request, including ensuring that any person to whom they provided copies of any Confidential Material complies with this obligation.  Provided, however, that counsel for either Party may, upon written notice, retain one copy of documents produced exclusively for the purposes of complying with document retention policies and not to be used for any other purposes.  At the end of that document retention period, counsel will provide written notice that this copy has been destroyed.  This provision will not apply to court filings or file copies of pleadings, briefs or correspondence maintained by the Parties' respective counsel in the ordinary course of business.

## IX.    BINDING EFFECT

This Stipulated Protective Order will remain in full force and effect at all times during which any party to this Stipulated Protective Order, or any person having executed the attached Exhibit A, retains in his, her, or its possession, custody, or control any Confidential Material.

## X.     ADDITIONAL PARTIES TO LAWSUIT

If other parties are added to this action, no Confidential Material previously exchanged, produced, or used herein will be disclosed to such other parties or their counsel except upon their agreeing to be bound by the provisions of this Stipulated Protective Order.  This provision does not prejudice any party's rights to otherwise object to the production or disclosure of Confidential or non-confidential documents or other information to a party added to this action.

///

///

7

XI.   **ADDITIONAL RIGHTS**

This Stipulated Protective Order is without prejudice to the right of any party to move the Court for an order for good cause shown for protection of Confidential Material sought by or produced through discovery, which protection is different from or in addition to that provided for in this Stipulated Protective Order, and such right is expressly reserved.

**IT IS SO ORDERED.**

Dated:  November 20, 2015          _____

HON. MANUEL L. REAL
United States District Judge

8

EXHIBIT A

ACKNOWLEDGEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order Regarding Confidential Discovery Material ("Stipulation" or "Stipulated Protective Order") governing *Ralph Villalobos v. TWC Administration LLC*, Case No. 2:15-cv-02808-R-PLAx and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing its terms.  Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Material made available to it/him/her other than in accordance with the terms and conditions of this Stipulated Protective Order.

Dated: _____, 20_____

By:_____
           Signature

_____
           Printed Name