1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH VILLALOBOS, | Case No.: 2:15-cv-02808-R-PLAx |
| Plaintiff, | Hon. Manuel L. Real |
| vs. | **UNCONTROVERTED FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION** |
| TWC ADMINISTRATION LLC, a Delaware corporation; and DOES 1 through 10, | |
| Defendants. | |

This matter having come before the Court on Defendant TWC Administration LLC's Motion for Summary Judgment, or in the Alternative, Summary Adjudication ("Motion for Summary Judgment"), pursuant to Rule 52 of the Federal Rules of Civil Procedure and Local Rule 52, *et seq.*, the Court, after considering the moving papers, representations, and arguments of counsel and for good cause, hereby makes the following findings of fact and conclusions of law in connection with its Order granting the Motion for Summary Judgment:

# I.   FINDINGS OF FACT

1.   Plaintiff Ralph Villalobos ("Plaintiff") was a Direct Sales Representative for TWC Administration LLC ("TWCA") in Santa Monica, California.  (Declaration of Adriana Frausto ("Frausto Dec.") ¶¶ 2, 10; Deposition of Ralph Villalobos ("Villalobos Dep.") 23:9-15.)

2.   Plaintiff's employment was terminated effective February 21, 2014. (Frausto Dec. ¶¶ 2, 10.)

**A.   Plaintiff's Leaves of Absence**

3.   In May 2013, Plaintiff initiated a leave of absence based on a claimed disability—identified by Plaintiff as stress, anxiety, and insomnia.  (Frausto Dec. ¶¶ 4, 10, Ex. 6; Villalobos Dep. 25:17-20, 40:17-23.)

4.   Plaintiff exhausted his protected medical leave on or about July 27, 2013. (Frausto Dec. ¶ 10, Ex. 6.)

5.   On or about July 31, 2013, TWCA provided Plaintiff with a packet of materials, including a cover letter informing Plaintiff that TWCA "[stood] ready and willing to work with [Plaintiff] to determine whether [he] can be reasonably accommodated to be fully functional in [his] position," an Americans with Disabilities Act ("ADA") Physician Certification form, a copy of Plaintiff's job description, and a Return to Work Evaluation Form to be completed by Plaintiff.  (*Id.* ¶ 5, Ex. 2.)

6.   Plaintiff returned the packet of materials to TWCA on or about August 8,

1   2013, and requested an extension of his leave of absence until September 1, 2013, to

2   accommodate his claimed disability.  (*Id.*, ¶ 10, Ex. 6; Deposition Adriana Frausto

3   ("Frausto Dep.") 107:6-9.)

4          7.     The only accommodation requested by Plaintiff for his stress, anxiety,

5   and insomnia was a leave of absence, and TWCA approved Plaintiff's requested

6   accommodation.  (Frausto Dep. ¶ 10, Ex. 6; Villalobos Dep. 40:17-23, 86:16-87:21;

7   Deposition of Clinton Symons ("Symons Dep.") 148:14-17.)

8          8.     On or about September 1, 2013, TWCA received a doctor's note from

9   Plaintiff in conjunction with a request that TWCA accommodate a second extension

10  of his leave until October 1, 2013.  (Frausto Dec. ¶ 10, Ex. 6; Frausto Dep. 107:6-9;

11  Villalobos Dep. 86:16-87:21.)

12         9.     Plaintiff's requested accommodation was again approved, but TWCA

13  notified Plaintiff that it might not be able to accommodate his leave beyond October 1.

14  (Frausto Dec. ¶¶ 6, 10, Exs. 3, 6; Villalobos Dep. 86:16-87:21.)

15         10.    Plaintiff returned to work between October 3 and October 7, 2013, but he

16  worked only until November 11, 2013—a five-week period.  (Frausto Dec. ¶¶ 7, 10,

17  Ex. 6.)

18         11.    On November 12, 2013, Plaintiff initiated another leave of absence due

19  to his alleged insomnia, depression, and anxiety.  (Frausto Dec. ¶¶ 7, 10, Ex. 6;

20  Villalobos Dep. 26:1-4, 40:10-20, 41:12-19, 87:22-88:2.)

21         12.    TWCA again sent an ADA packet to Plaintiff.  (Frausto Dec. ¶¶ 8, 10,

22  Ex. 6.)

23         13.    Plaintiff returned the packet to TWCA on or about December 13, 2013,

24  and requested an extension of his leave of absence through January 24, 2014.  (Frausto

25  Dec. ¶¶ 8, 10, Exs. 4, 6.)

26         14.    Once again, the only accommodation requested by Plaintiff for his stress,

27  anxiety, and insomnia was a leave of absence.  (Villalobos Dep. 40:17-23, 87:22-

28  88:2.)

15.     TWCA again granted Plaintiff's request for an accommodation and extended his leave of absence through January 24, 2014.  At that time, TWCA also informed Plaintiff that any leave beyond January 24 would need to be evaluated. (Frausto Dec. ¶¶ 9, 10, Exs. 5, 6; Frausto Dep. 140:18-21, 141:10-11.)

16.     Thereafter, on or about February 6, 2014, Plaintiff requested yet another extension of his leave of absence until March 10, 2014.  As before, the only accommodation requested by Plaintiff was a leave of absence.  (Frausto Decl. ¶ 10, Ex. 6; Frausto Dec. 127:19-23, 132:16-18; Villalobos Depo. 87:22-88:4.)

17.     The Human Resources Business Partner for Santa Monica discussed with Plaintiff's supervisor and manager whether the Direct Sales Department could continue to accommodate Plaintiff's leaves of absence.  (Frausto Dec. ¶¶ 1, 10, Ex. 6; Frausto Dep. 123:24-124:4; Symons Dep. 145:23-146:3, 147:13-17, 163:18-25, 196:10-14.)

18.     Mr. Symons was the sales manager for the area in which Plaintiff worked and the decision-maker.  (Symons Dep. 146:4-8, 151:19-21, 159:16-18, 160:12-14, 164:4-20; Villalobos Dep. 41:25-42:3; Frausto Dep. 133:19-134:2.)

19.     Mr. Symons was aware and informed of Plaintiff's requests for leave, but he was never informed of and did not know the reason for Plaintiff's leaves of absence.  (Symons Dep. 87:17-20, 111:19-112:12, 119:22-25, 120:5-9, 153:20-154:7.)

20.     Mr. Symons testified that, from a managerial standpoint, he was concerned by Plaintiff's continual leaves of absence.  (*Id.* 98:12-19, 123:9-124:4.)

21.     In the end, Mr. Symons determined that the Department could no longer accommodate Plaintiff's continuing requests to extend his leaves of absence.  (*Id.* 95:4-19, 123:9-124:4, 127:24-128:2, 137:6-9, 139:10-142:8, 150:7-9.)

22.     Accordingly, on or about February 21, 2014, TWCA informed Plaintiff that it could no longer accommodate his requests for leave and terminated Plaintiff's employment.  (Frausto Dec. ¶¶ 2, 10; Frausto 151:23-152:3, 152:6-14, 153:19-154:3; Villalobos Dep. 42:4-43:19, 88:5-7; Symons Dep. 153:7-25, Ex. 4.)

**B.    Plaintiff's Remaining Claims**

23.    On June 22, 2015, Plaintiff filed a first amended complaint.  [D.E. 14.] The first amended complaint originally alleged eleven causes of action.  [*Id.*]

24.    On December 21, 2015, Plaintiff filed his Memorandum of Contentions of Fact and Law [D.E. 21] wherein Plaintiff affirmatively abandoned the following claims: retaliation in violation of the Fair Employment and Housing Act ("FEHA"); failure to pay wages due at termination; negligent infliction of emotional distress; failure to pay minimum wages; and violation of California's unfair competition laws. [*Id.* p. 14.]

25.    The following six claims remain for resolution: age discrimination; disability discrimination; failure to accommodate; failure to engage in the interactive process; and wrongful termination in violation of both the FEHA and public policy. [*Id.*]

26.    On January 4, 2015, TWCA moved for summary judgment on these remaining claims.  [D.E. 29.]

## II.    CONCLUSIONS OF LAW AND CITATIONS OF AUTHORITY

**A.    Legal Standard on Summary Judgment**

1.    Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

2.    "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

3.    Once the movant meets that burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'"

1   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting

2   Fed. R. Civ. P. 56(e)) ("When the moving party has carried its burden under Rule

3   56(c), its opponent must do more than simply show that there is some metaphysical

4   doubt as to the material facts.").

5      4.      "If the nonmoving party fails to produce enough evidence to create a

6   genuine issue of material fact, the moving party wins the motion for summary

7   judgment." *Nissan Fire*, 210 F.3d at 1103; *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

8   242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the

9   [nonmoving party's] position will be insufficient; there must be evidence on which the

10  jury could reasonably find for the [nonmoving party].").

11  **B.      Age Discrimination**

12     5.      To establish a *prima facie* case of age discrimination, a plaintiff must

13  show that "(1) at the time of the adverse action he or she was 40 years of age or older,

14  (2) an adverse employment action was taken against the employee, (3) at the time of

15  the adverse action the employee was satisfactorily performing his or her job and (4)

16  the employee was replaced in his position by a significantly younger person."

17  *Hersant v. Dep't of Soc. Servs.*, 57 Cal. App. 4th 997, 1003 (1997).

18     6.      Plaintiff's claim for age discrimination fails as a matter of law because he

19  cannot establish that he was satisfactorily performing his job at the time of his

20  termination.  It is undisputed that Plaintiff performed his job for a brief five weeks in

21  the nine months prior to his termination and that Plaintiff was on leave at the time of

22  his termination.  As such, at the time of his termination, Plaintiff was not performing

23  his job at all, let alone in a satisfactory manner.  *Leicht v. Hawaiian Airlines, Inc.*, 77

24  F. Supp. 2d 1134, 1142-43 (D. Haw. 1999).

25     7.      Thus, Plaintiff has not made a prima facie showing of age discrimination,

26  and the claim fails.  *Id.*

27  ///

28  ///

## C.     Disability Discrimination

8.     To establish a *prima facie* case of disability discrimination, a plaintiff must show that he: (1) suffers from a disability; (2) is a qualified individual (that is, he can perform the essential functions of the job with or without reasonable accommodation); and (3) was subjected to an adverse employment action because of the disability.  *Brundage v. Hahn*, 57 Cal. App. 4th 228, 236 (1997).

9.     Plaintiff cannot establish a *prima facie* case of disability discrimination because he cannot show that he was terminated "because of" a disability.  TWCA argues that an adverse employment decision cannot be made *because of* a disability when the disability is not known to the employer.  In response, Plaintiff points to deposition testimony from Clinton Symons, the manager who made the decision to terminate Plaintiff, in which Mr. Symons testified that Plaintiff's extended leaves of absence were concerning and that Plaintiff's job performance was "nonexistent" during his leaves of absence.  Plaintiff argues that this testimony amounts to an admission that Mr. Symons terminated Plaintiff because of his disability.  However, this is a far stretch of the facts.

10.    As a manager, Mr. Symons had every right to be concerned with the prolonged absence of one of his employees.  Further, it is undisputed that, while Mr. Symons had knowledge of Plaintiff's leave, he did not know that Plaintiff had a disability that required leave.  Knowledge on the part of the decision maker of the employee's disability is required to establish that he suffered an adverse action "because of" his disability.  *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1186 (11th Cir. 2005).  Knowledge of a leave of absence is not the same as knowledge of a disability necessitating a leave of absence.  Because Mr. Symons had no knowledge of Plaintiff's disability, he could not make the decision to terminate Plaintiff *because of* that disability.  *Id.* ("[A] decision-maker who lacks actual knowledge of an employee's disability cannot fire the employee 'because of' that disability.").

11.     Because Plaintiff cannot establish that he was subjected to an adverse employment action because of a disability, his disability discrimination fails as a matter of law.

**D.     Failure to Accommodate and Failure to Engage in the Interactive Process**

12.     Plaintiff's reasonable accommodation and failure to engage in the interactive process claims also fail at the *prima facie* stage.  There is no dispute that the only accommodation ever requested by Plaintiff was a leave of absence.  It is also undisputed that TWCA accommodated each and every ones of Plaintiff's leave requests for over nine months.

13.     It is unreasonable to expect TWCA to continue to extend Plaintiff's leaves of absence given his track record of extending every leave of absence and the lack of assurances that Plaintiff would be able to return to work on a regular basis at any time in the immediate future.

> Nothing in the text of the reasonable accommodation provision requires an employer to wait an indefinite period for an accommodation to achieve its intended effect.  Rather, reasonable accommodation is by its terms most logically construed as that which presently, or in the immediate future, enables the employee to perform the essential functions of the job in question.

*Myers v. Hose*, 50 F.3d 278, 283 (4th Cir. 1995).

14.     During the nine months prior to his termination, Plaintiff established a pattern of requesting leave and repeatedly extending that leave.  His never-ending requests to TWCA for accommodation of his disability (stress, anxiety, and insomnia) clearly resulted in an undue hardship on TWCA's operations.  *See Alston v. Microsoft Corp.*, 851 F. Supp. 2d 725, 734 (S.D.N.Y. 2012) ("Requiring an employer to keep an employee on an extended leave of absence with no indication of whether or when the employee will return constitutes an undue hardship . . . .").

15.     Because Plaintiff's requested accommodation was unreasonable for all the reasons stated herein, Plaintiff's reasonable accommodation and failure to engage in the interactive process claims fail as a matter of law.  *See Myers*, 50 F.3d at 284 (failure to accommodate) (employer only required to make those accommodations that are reasonable); *Scotch v. Art Ins. Of Cal.-Orange Cnty., Inc.*, 173 Cal. App. 4th 986, 1018-19 (2009) (failure to engage in interactive process) (burden on employee to identify reasonable accommodation objectively available to him during interactive process in order to establish violation); *see also* Cal. Gov't Code § 12940(m)-(n).

**E.     Wrongful Termination**

16.     Plaintiff asserts two separate causes of action for wrongful termination: (1) wrongful termination in general violation of the FEHA, and (2) wrongful termination in violation of public policy.

17.     Plaintiff's wrongful termination claims are derivative of his discrimination claims.

18.     Because summary judgment is proper on Plaintiff's discrimination claims for the reasons shown above, it necessarily follows that Plaintiff cannot establish his derivative wrongful termination claims.  *See Faust v. Cal. Portland Cement Co.*, 150 Cal. App. 4th 864, 886 & n.12 (2007) (noting viability of wrongful termination claim "necessarily" connected to viability of underlying claims).

19.     Therefore, like his discrimination claims, Plaintiff's wrongful termination claims fail as a matter of law.

## III.     CONCLUSION

20.     Because there is no triable issue as to any of the facts stated above, and because those facts demonstrate that Plaintiff's claims fail as a matter law, Defendant is entitled to judgment as a matter of law under Rule 56 of the Federal Rules of Civil Procedure.

*///*

UNCONTROVERTED FINDINGS OF FACT AND CONCLUSIONS OF LAW

21.   Judgment shall be entered accordingly, which is final as to all parties and claims.

**SO ORDERED**.

Dated: February 16, 2016

_____
HON. MANUEL L. REAL
United States District Judge

Respectfully submitted:

KABAT CHAPMAN & OZMER LLP

By:   /s/ J. Scott Carr
        J. SCOTT CARR (SBN 136706)
        scarr@kcozlaw.com
        171 17th Street NW, Suite 1550
        Atlanta, Georgia 30363
        Telephone: (470) 447-0600
        Facsimile: (470) 447-0615
        Attorneys for Defendant TWC Administration LLC

4826-4496-5165, v. 1

UNCONTROVERTED FINDINGS OF FACT AND CONCLUSIONS OF LAW